UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------X
                                                                      :
SADIE BLYUMIN, et al.,                                                :
                                                                      :
                                        Plaintiffs,                   :
                                                                      :
                                                                      :          25-cv-9490 (LJL)
                -v-                                                    :
                                                                      :          ORDER
MELISSA AVILES-RAMOS, et al.,                                         :
                                                                      :
                                        Defendants.                   :
                                                                      :
----------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

Plaintiffs have moved to file exhibits in support of their motion for summary judgment under seal, redacting any personally identifiable information. Dkt. No. 42. Defendants do not opposed the proposed redactions. Dkt. No. 45.

There is a presumption of public access to judicial documents. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006); *Brown v. Maxwell*, 929 F.3d 41, 47–48 (2d Cir. 2019). A judicial document is a document "relevant to the performance of the judicial function and useful in the judicial process." *Brown*, 929 F.3d at 49 (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)). If a document is determined to be a judicial document, then the Court must assess the "weight of the presumption" of public access against any "countervailing interests." *Lugosch*, 435 F.3d at 119. Regardless of the weight that must be accorded to the presumption, the court must make "specific, on the record findings" that sealing is necessary "to preserve higher values," and "is narrowly tailored to serve that interest." *Id.* at 120. The court may deny public disclosure of the record only "if the factors counseling against public access outweigh the presumption of access afforded to that record." *Olson v. Major League Baseball*, 29 F.4th 59, 88 (2d Cir. 2022).

"Among the 'higher values' that courts have found sufficient to overcome the presumption of public access are protecting the confidentiality of grand jury proceedings, protecting minor victims of sex crimes, protecting a defendant's Sixth Amendment right to a fair trial, protecting significant and substantial privacy interests, such as the physical safety of litigants, witnesses, or third parties, preventing danger to persons or property, and maintaining the integrity of significant activities entitled to confidentiality, such as ongoing undercover investigations or detection devices." *Lively v. Wayfarer Studios LLC*, 2026 WL 145483, at *2 (S.D.N.Y. Jan. 20, 2026) (internal quotation marks omitted) (cleaned up).  The documents in question are "judicial documents" in which the presumption of public access attaches.  *Lugosch*, 435 F.3d at 123 (holding that documents submitted in connection with a motion for summary judgment are "unquestionably judicial documents").  The exhibits are submitted in connection with a dispositive motion, and thus the weight accorded to the presumption of public access is especially strong.  *Olson*, 29 F.4th at 89–90.

Plaintiffs seek to seal only instances of the minor plaintiff's address, minor plaintiff's NYC DOE OSIS number, and plaintiff's personal email address.  Dkt. No. 42 at 2.  "Courts frequently permit plaintiffs in IDEA actions to proceed anonymously in order to protect the privacy interests of minor plaintiffs." *J.L. on behalf of J.P. v. New York City Dep't of Educ.*, 2024 WL 291218, at *3 (S.D.N.Y. Jan. 25, 2024) (citing *B.J.S. v. State Educ. Dep't*, 2010 WL 502796, at *4 (W.D.N.Y. Feb. 9, 2010)).  Moreover, these kinds of personal details that have "no relevance to the dispute" and are "narrowly-tailored" outweigh the presumption of access. *McConkey v. Churchill School and Center*, 2026 WL 1295811, at *1 (S.D.N.Y. May 12, 2026).

2

The motion to seal is granted.  The Clerk of Court is respectfully requested to close Dkt.

No. 42.

    SO ORDERED.

Dated: June 11, 2026
    New York, New York

_____
        LEWIS J. LIMAN
    United States District Judge